(120 App. Div. 623)

### KALBFLEISCH v. RIDER.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

VENUE — MOTION FOR CHANGE — GROUNDS — SUFFICIENCY — CONSIDERATION ON MERITS.

Affidavits supporting a motion for change of venue, wherein the moving party swears to the facts "which he will prove by said witnesses on the trial of the cause," are sufficient to require the court to consider the merits of the motion, although there is nothing in the affidavits to show what ground affiant had for his expectation that the witnesses would swear to the facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 119.]

Appeal from Special Term, Warren County.

Action by Theodore F. Kalbfleisch against Jonathan T. Rider. From an order denying defendant's motion for change of venue, he appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

A. Frank B. Chace & Sons (William W. Chace, of counsel), for appellant.

Raley & Kiley (G. S. Raley, of counsel), for respondent.

SMITH, P. J. The order recites the preliminary objection made to the hearing of the motion that the papers are not sufficient under the rules of this department to authorize the hearing of the motion upon the merits. The motion was thereupon denied, with leave to renew. It is apparent, therefore, that the motion was denied purely upon the ground that the defendant's affidavits were not sufficient to call the plaintiff to the argument of the merits of the motion.

From the briefs it appears that the objection to the affidavits was that there was nothing therein to show what ground the defendant had for his expectation that the witnesses who he claimed were material would swear to the facts upon which they were claimed to be material.

It seems to have been held in this department that a party is not compelled to disclose the ground of his expectation that the witnesses would testify to the material facts claimed. See Bell v. Whitehead Bros., 5 App. Div. 556, 39 N. Y. Supp. 434; Sinnit v. Cambridge Valley Agricultural S. S. Ass'n, 27 App. Div. 318, 50 N. Y. Supp. 166; Ballston Storage Co. v. Defoe, 67 App. Div. 341, 73 N. Y. Supp. 772. It is held, however, that a failure to disclose the grounds of the party's expectation may be considered in determining the motion upon the merits. Within this rule the affidavits presented by the defendant seem to be sufficient to call upon the court to consider the merits of the motion. The defendant swears to the facts which "he will prove" by said witnesses on the trial of the cause." This seems to be somewhat stronger than the expression "which he expects to prove." In Ballston Storage Co., supra, attention was called to the allegation of the party that he can prove certain facts. This affidavit would seem

to be as strong as the affidavits which were held sufficient in the cases cited.

The order should therefore be reversed, with $10 costs and disbursements, and the motion remitted to the Special Term for hearing upon the merits. All concur.